This is a possessory action, pure and simple. Plaintiff, Mrs. Mary Adams Grice, wife of Oliver Lee Grice, is admittedly the owner of a tract of land which is described in her petition as being "five acres of land to be taken from the northwest corner of vendor's land in Section 33, T. 1 S.R. 6 E., bounded north by Highway 71, east and south by vendor (Arthur O. Birch) and west by Natalbany Lumber Company." She acquired the property by inheritance from Miss Lila A. Birch, who in turn had acquired it from Arthur O. Birch, one of the defendants herein.
All the essential allegations requisite for the possessory action are contained in the petition, namely, that plaintiff and her authors in title had the real and actual possession of the property, quietly and without interruption, for more than one year prior to her being disturbed and that less than a year has elapsed since she has suffered a real disturbance in fact by reason of Mrs. F.C. Philips having moved upon the same and taken possession of the house under a purported lease agreement with Arthur O. Birch.
The defendants answered jointly denying that they have taken possession of any house situated on the property described in plaintiff's petition. They deny that they have disturbed her in any way in her possession or ownership of said property.
Upon trial of the case in the court below there was judgment in favor of the plaintiff decreeing her to be the possessor of the property as described by her in her petition and ordering that she be restored to the possession of the same. Both defendants have appealed.
The testimony reveals that Miss Lila Birch was an aunt of defendant, Arthur O. Birch, and also of Oliver Lee Grice, the plaintiff's husband. She owned a tract of some seventy acres of land situated some distance away in St. Helena Parish from the five acre tract involved herein. For some reason or other she became desirous of moving and living near the defendant. *Page 842 
Accordingly she purchased the five acre tract of land in the northwest corner of Section 33 from him, and had her house which was situated on the other property demolished and rebuilt on the tract which she acquired. She lived there for about two years and about a month or two before she died went to live with the plaintiff, leaving the defendant, Arthur O. Birch, in charge of her property. The latter admits that he attended to it for her.
After Miss Lila Birch died, her succession was opened and it seems to be conceded that plaintiff was recognized as the legatee under her will, of the five acre tract of land on which she had rebuilt her home, as well as the home itself. A judgment of court to that effect, recorded in the Conveyance Records of the Parish, was offered in evidence with leave to have a certified copy substituted in the record, but we find no such copy. There seems to be no question about that being a proven fact however. Upon her having been recognized as the owner of the property, the plaintiff immediately took possession and rented the house to a party by the name of Preston Varden, who resided in it for two months and then left. Without her knowledge and consent, Arthur O. Birch, assuming possession, then moved Mrs. Farrel C. Philips, his sister-in-law, in the house, thus creating and causing the disturbance complained of by the plaintiff.
The contention of the main defendant, Birch, is that the house of which he has taken possession is not on the property sold by him to his aunt, but on what is a part of his own property. He contends that as the description of the property sold by him calls for five acres to be taken from the northwest quarter of Section 33, it is to be assumed that the tract would have to be in the form of a square whereas in order for the house to be situated on such five acres as plaintiff claims, the property would be a very long and narrow strip. No authority is given to support any assumption such as is indulged in, nor does the testimony indicate exactly the shape of the tract of land on which the house is situated. Certain witnesses apparently drew diagrams to represent its shape, but no such diagrams are found in the record. There is evidence to the effect that the tract of land lies between two roads, Highway 71 being on the north, and a road referred to as the Old Tangipahoa Road, being on the south, and on the east there is a fence which definitely separates it from the remainder of the defendant's property. But no stronger proof seems to be required that Arthur Birch knew very well where the five acre tract which he sold was located, than his own admission that he himself helped in rebuilding the house for his aunt after she had acquired the land from him. He now states that she did not build it on the tract she had bought because she would have been too close to undesirable neighbors, but the proof on that point is by no means convincing. His whole attitude strikes us as being one expressive of his disappointment, as he admits, in not having been made the beneficiary under his aunt's will instead of the plaintiff. The proof in our opinion amply supports the judgment under which plaintiff was recognized as having been in possession of the premises and the defendant ordered to restore the same to her.
Judgment affirmed at the costs of the defendant, appellant herein.